(No. 36225.

THE PEOPLE *ex rel.* Roy C. Doerfler, County Collector, Appellee, *vs.* EARL LOWEN *et al.,* Appellants.

*Opinion filed May 19, 1961.*

GRAY, THOMAS,:WALLACE AND O'BRIEN, of Joliet, (AL-
BERT E. GRINTON, and ROBERT W. THOMAS,. of counsel,)
for appellants.

FRANK H. MASTERS, JR., State's Attorney, of Joliet,
(ROBERT E. HIGGINS, Assistant State's Attorney, JOHN C.
LANG, JOHN D. LYNCH, GLENN E. MILLER, SAMUEL
SAXON, and JOHN VERKLAN, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the
court:

The county treasurer and ex-officio county collector of
Will County commenced a proceeding in the county court
of that county for judgment and for an order of sale for
delinquent real estate taxes for the year 1958. The re-
spondents, appellants here, having paid their taxes under
protest, objected in the proceeding for judgment and, as a
basis for their objections, alleged that the 1958 tax assess-
ment as to their property was void in that there was a
failure of the assessor to publish the list of assessments on
or before July 10 of the 1958 quadrennial tax year.

The county court overruled the objections and entered
judgment for the collector. This appeal is from that order. ·

The facts in this case have been stipulated. The stipula-
tion shows that the 1958 assessment list for Du Page Town-
ship in Will County was not published on or before the
10th of July, 1958, but that publication was made on Aug-
ust 20, 1958. The record further establishes that the 1958
session of the Will County board of review opened on June
16, 1958, and concluded its session on March 12, 1959.

The appellants paid their 1958 taxes under protest on
June 1 of 1959. No complaint was made by the appellants
to the 1958 session of the board of review. However, on
August 27, 1959, the appellants did file a complaint before
the board of review which, on February 20, 1960,. con-
firmed the assessment, which was the 1958 quadrennial as-
sessed valuation.

It is the position of the appellants that the failure to publish the list of assessments of real property for 1958 on or prior to July 10, 1958, invalidates the tax as assessed on the property. Will County was then a county of less than 150,000 population and the contentions of the appellants are based on the provisions of section 103 of the Revenue Act of 1939 as amended. Ill. Rev. Stat. 1957, chap. 120, par. 584.

The specific question here presented for decision was decided in the case of *People ex rel. Ball* v. *Anderson,* 21 Ill.2d 396. In that case we specifically held that section 103 of the Revenue Act of 1939 required publication in quadrennial years as soon as the assessor has completed the assessment. As to other years the assessment is required to be made on or before July 10 of the particular year.

It becomes unnecessary for purposes of this opinion to reiterate the views of the court as expressed in the above-cited case and in the discussion there found. The question in this case is the same as the question in that case as to the requirements for publication. For the reasons there stated, the judgment of the county court of Will County in overruling the objections to the assessment was correct and the judgment is affirmed.

*Judgment affirmed.*